IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STACEY RADABAUGH,<br><br>**Plaintiff,**<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>**Defendant.** | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-cv-202-PMW<br><br>Magistrate Judge Paul M. Warner |

Before the court is Stacey Radabaugh's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. On May 20 2009, Plaintiff protectively applied for SSI, alleging disability beginning on June 1, 1999.[1] Plaintiff's application was denied initially and upon reconsideration.[2] On February 5, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was

---

[1] *See* docket no. 7, Exhibits 1-10, Administrative Record ("Tr. _____") 13, 103-108.

[2] *See* Tr. 63-64.

[3] *See* Tr. 75-77.

held on May 2, 2011.[4] On June 8, 2011, the ALJ issued a written decision denying Plaintiff's claim for DIB.[5] On November 20, 2012, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On March 27, 2013, Plaintiff filed her complaint in this case, which was assigned to preliminarily to Magistrate Judge Paul M. Warner.[7] The Commissioner filed her answer and the administrative record on July 10, 2013.[8] On July 30, 2013, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[9] Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[10] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[4] *See* Tr. 32-62.

[5] *See* Tr. 10-31.

[6] *See* Tr. 5-8.

[7] *See* docket no. 3.

[8] *See* docket no. 7.

[9] *See* docket no. 14.

[10] *See id*.

Plaintiff filed her opening brief on March 14, 2014.[11]  The Commissioner filed her answer brief on March 26, 2014.[12]  Plaintiff filed her reply brief on April 30, 2014.[13]

### STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of

---

[11] *See* docket no. 17.

[12] *See* docket no. 18.

[13] *See* docket no. 19.

the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R.

4

§ 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred at step three of the sequential evaluation process (1) by failing to consider section 12.03 of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), see 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.03; (2) in his assessment of the B criteria for listings 12.04 and 12.08, see id. at listings 12.04, 12.08; and (3) in his assessment of the C criteria for listing 12.04, see id. at listing 12.04.

As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." Williams, 844 F.2d at 751 (quotations and citations omitted); see 20 C.F.R. § 416.920(a)(4)(iii). At step three, a claimant has the "burden to present evidence establishing her impairments meet or equal listed impairments." Fischer-Ross, 431 F.3d at 733. In order to satisfy this burden, a claimant must establish that her impairments "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." Lax, 489 F.3d at 1085; see also 20 C.F.R. § 416.925.

### I.  Listing 12.03

Plaintiff first argues that the ALJ erred at step three by failing to discuss whether Plaintiff's alleged impairments satisfied listing 12.03, which governs schizophrenic, paranoid, and other psychotic disorders.  *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.03.  That argument fails.

The court notes that Plaintiff's representative argued at hearing that Plaintiff's alleged impairments satisfied listings 12.04 and 12.08, not listing 12.03.  *See, e.g.*, *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) ("[I]n cases such as this one where the claimant was represented by counsel at the hearing before the ALJ, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored, and the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." (quotations and citation omitted)).  Further, the court notes that the state agency psychologists did not identify listing 12.03 as one of the relevant listings for consideration, indicating they did not believe the medical evidence supported consideration of that listing in Plaintiff's case.  Without any evidence from either Plaintiff's representative or a medical source indicating that listing 12.03 should have been considered, the court cannot say that the ALJ erred by failing to discuss that listing.

Furthermore, even if Plaintiff had been able to persuade the court that ALJ erred by failing to explicitly discuss listing 12.03, the court would conclude that any such error was harmless because Plaintiff failed to carry her burden of demonstrating that her alleged impairments satisfy the criteria of that listing.  *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir.

2005) (recognizing applicability of harmless error analysis in Social Security context); *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) ("Even assuming Claimant preserved this argument at step two, nothing in the record suggests Claimant can satisfy the basic requirements of listing 12.05. . . . Thus, the ALJ did not err in failing to consider the applicability of listing 12.05(C).").

Listing 12.03 contains an introductory paragraph, the A criteria (a set of medical findings), and the B criteria (a set of impairment-related functional limitations). *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.00(A), 12.03(A)-(B). The listing also contains the C criteria, which are considered only if the claimant fails to satisfy the B criteria. *See id*. at listings 12.00(A), 12.03(C). In order for her alleged impairments to satisfy the requirements of listing 12.03, Plaintiff had the burden to establish that she satisfied the introductory paragraph and either the A and B criteria or the A and C criteria. *See id*. at listings 12.00(A), 12.03(A)-(C); *see also Sullivan*, 493 U.S. at 530.

In this case the ALJ addressed the B in the context of listings 12.04 and 12.08 and the C criteria in the context of listing 12.04. That analysis applies with equal weight to listing 12.03 because the B criteria are identical for listings 12.03, 12.04, and 12.08, *see* 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.03(B), 12.04(B), 12.08(B), and the C criteria are identical for listings 12.03 and 12.04, *see id*. at listings 12.03(C), 12.04(C).

The court concludes that Plaintiff failed to carry her burden of demonstrating that her alleged impairments satisfy the requirements of either the B or C criteria. Consequently, she cannot establish that she satisfies all of the requirements of listing 12.03. *See id*. at listings 12.00(A), 12.03(A)-(C); *see also Sullivan*, 493 U.S. at 530. In arguing that her alleged impairments satisfy the requirements of the B and C criteria, Plaintiff merely points to selective portions of the record that support her arguments. However, the Commissioner also points to

record evidence indicating that Plaintiff's alleged impairments do not satisfy those requirements. Plaintiff's arguments on this point are, in essence, an attempt to reargue the weight of the evidence before the ALJ, which is a futile tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)). In this case, the evidence cited by the Commissioner constitutes substantial evidence to support the ALJ's conclusion that Plaintiff's alleged impairments did not satisfy either the B or C criteria. Accordingly, the court cannot say that the ALJ erred in his analysis of those criteria.

## II.  B Criteria for Listings 12.04 and 12.08

Plaintiff argues that the ALJ erred in his assessment of the B criteria for listings 12.04 and 12.08. In the analysis of listing 12.03 above, the court concluded that Plaintiff failed to carry her burden at step three to demonstrate that her alleged impairments satisfy the requirements of the B criteria for that listing. Because the B criteria are identical for listings 12.03, 12.04, and 12.08,

*see* 20 C.F.R. § 404, Subpart P, Appendix 1, listings 12.03(B), 12.04(B), 12.08(B), as noted above, it logically follows that Plaintiff failed to carry her burden with respect to the B criteria for listings 12.04 and 12.08.

### III.  C Criteria for Listing 12.04

Finally, Plaintiff argues that the ALJ erred in his assessment of the C criteria for listing 12.04.  Above, the court concluded that Plaintiff failed to carry her burden at step three to establish that her alleged impairments satisfy the requirements of the C criteria for listing 12.03.  Because the C criteria are identical for listings 12.03 and 12.04, *see id.* at listings 12.03(C), 12.04(C), as indicated above, Plaintiff has also failed to carry her burden with respect to the C criteria for listing 12.04.

### CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 4th day of February, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge